## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOSEPH F. LAHATTE III AND** | * | |
| **LAHATTE LAW FIRM, L.L.C.** | * | |
| | * | |
| *Plaintiffs,* | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.: 18-2919** |
| | * | |
| **CLAIMS CONSULTING AND** | * | **JUDGE:** |
| **CONTRACTING, L.L.C. AND** | * | |
| **NADER ANTHONY ODEH** | * | **MAGISTRATE:** |
| | * | |
| *Defendants.* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiffs, Joseph F. LaHatte III ("Mr. LaHatte") and LaHatte Law Firm, L.L.C. ("LaHatte Law Firm" and "Plaintiffs" collectively), who respectfully file this Complaint against Defendants, Claims Consulting and Contracting, L.L.C. ("CCC") and Nader Anthony Odeh ("Mr. Odeh" or "Defendants" collectively), as follows:

## PARTIES

1. Plaintiff, Joseph F. LaHatte III, is an individual of the age of majority, domiciled in the State of Louisiana. Mr. LaHatte is and has been during all times relevant to this Complaint a licensed attorney in the State of Louisiana, and he is the sole member and manager of LaHatte Law Firm, L.L.C.

2. Plaintiff, LaHatte Law Firm, L.L.C., is a Louisiana limited liability company with its principal place of business located in the Parish of Jefferson, State of Louisiana.

3. Defendant, Claims Consulting and Contracting, L.L.C., is a Louisiana limited liability

1

company with a principal place of business in the Parish of Jefferson, State of Louisiana.

4. Defendant, Nader Anthony Odeh, is an individual of the age of majority, residing in the Parish of Orleans, State of Louisiana. Mr. Odeh is the registered agent and sole member of CCC.

## JURISDICTION AND VENUE

5. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Counts I and II arise out of violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), a federal statute codified at 18 U.S.C. §§ 1961-1968, and pursuant to RICO's civil damages provision, 18 U.S.C. § 1964(c). There is supplemental jurisdiction over the remaining state law counts as they arise from the same set of facts.

6. Venue is proper in this Court as all parties are domiciled and employed in the Eastern District of Louisiana, and the wrongful actions giving rise to the causes of action in this Complaint occurred in the Eastern District of Louisiana.

## FACTUAL ALLEGATIONS

7. For approximately ten (10) years, a substantial portion of Mr. LaHatte's legal practice has been focused primarily on representing clients in property casualty cases.

8. Throughout his representation of clients in property casualty cases, Mr. LaHatte typically retained experts to inspect properties to quantify the losses suffered as a result of a property casualty event, including such experts as an adjuster, appraiser, contractor, engineer, and/or architect.

9. Once an expert would quantify a loss in a specific case, Mr. LaHatte would rely on the expert's quantifications to draft a proof of loss document to be sent to an insurance carrier specific to a case in support of an insurance claim and in support of further demands for payment.

10. Mr. LaHatte also relied on the expert's quantifications to aid in his decision to file a bad faith

lawsuit against an insurance carrier for not paying or not sufficiently paying a claim in the time allowed by law upon receipt of the proof of loss statement.

11. For approximately two (2) years, from 2014 until 2016, LaHatte Law Firm retained the expert services of Mr. Odeh and CCC as a public adjuster and appraiser in numerous property casualty cases.

12. LaHatte Law Firm agreed to pay Defendants on a reasonable hourly basis depending on the work performed particular to a specific file.

13. LaHatte Law Firm only authorized Defendants to perform the following tasks with respect to each case: (a) consult with Mr. LaHatte and the client on the matter; (b) perform damage estimates on structure involved in the matter; (c) visit a loss location to take pictures of, catalog, and price all items lost in the alleged event, and create a contents-loss list from the gathered information; and (d) create an expert report for the matter for submission to the court.

**Facts Specific to Plaintiffs' RICO Claim Against Mr. Odeh**

14. Upon information and belief, Mr. Odeh committed insurance fraud across state lines by removing items from the homes of property casualty clients of LaHatte Law Firm after an insurance loss event, without prior authorization from the client, and thereafter, submitting the removed item as an insurance loss into that client's insurance claim via U.S. Postal Service or private or commercial interstate carrier, electronic mail, and/or facsimile.

15. Upon information and belief, Mr. Odeh would, on certain occasions, prepare fraudulent insurance loss documents for a Louisiana client while working at his residence in Florida and send the fraudulent insurance loss documents to the insurance company associated with the Louisiana client.

16. Upon information and belief, Mr. Odeh committed insurance fraud across state lines by

removing items from the homes of property casualty clients of LaHatte Law Firm after an insurance loss event, without prior authorization from the client, and thereafter, submitting a theft insurance claim via U.S. Postal Service or private or commercial interstate carrier, electronic mail, and/or facsimile.

17. Upon information and belief, Mr. Odeh would, on certain occasions, prepare these fraudulent theft insurance claim documents for a Louisiana client while working at his residence in Florida and send the fraudulent insurance loss documents to the insurance company associated with the Louisiana client.

18. Mr. Odeh's actions violated 18 U.S.C. § 1341, which states, in pertinent part:

> Whoever, having devised . . . any scheme . . . to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations . . . for the purpose of executing such scheme . . . or attempting so to do, places in any post office or authorized depository for mail matter, any matter . . . to be sent or delivered by the Postal Service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives therefrom, any such matter or thing . . . shall be fined under this title or imprisoned not more than 20 years . . . .

19. Mr. Odeh's actions also violated 18 U.S.C. § 1343, which states, in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire . . . in interstate . . . commerce, any writings . . . for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years . . . .

20. Upon information and belief, as a result of Mr. Odeh's actions, insurance companies suspicious of his claim submissions would slow down the claim process, causing clients of the LaHatte law firm to wait for longer periods of time for their claims to be processed, which lead to Mr. LaHatte performing more legal work on behalf of those clients to get their claims processed.

21. Upon information and belief, many of the fraudulent insurance claims submitted by Mr. Odeh

for cases of clients of the LaHatte Law Firm were paid but for less than all of the entire claim; meaning that clients of the LaHatte Law Firm received less money for their claims, which in turn caused Mr. LaHatte to receive a lower contingency fee in his cases.

22. Upon information and belief, Mr. Odeh's fraudulent actions have caused further harm to Mr. LaHatte's professional reputation as many insurance companies and opposing counsel that he frequently interacts with in his property casualty cases associate Mr. Odeh's actions with Mr. LaHatte's legal practice.

23. As Plaintiffs were not a party or privy to the fraudulent communications at issue in this scheme or any other activities conducted by Defendants at issue, Plaintiffs have detailed as much information in this Complaint about the false communications as they currently have, pre-discovery.

**Facts Specific to Plaintiffs' State Law Claims Against Mr. Odeh and CCC**

24. In early-2017, Mr. Odeh began to exhibit erratic behavior which caused or had the potential to cause harm to the cases of the clients represented by the LaHatte Law Firm. Examples of such instances are as follows:

  a. Upon information and belief, Mr. LaHatte witnessed Mr. Odeh threatening and repeatedly screaming at an opposing counsel during a standard expert deposition.

  b. Upon information and belief, Mr. Odeh threatened and repeatedly screamed at Mr. LaHatte on several occasions.

  c. Upon information and belief, Mr. Odeh threatened vendors at the home of property casualty clients, requiring some vendors to seek restraining orders against Mr. Odeh.

  d. Upon information and belief, Mr. Odeh was admonished by the Honorable Kern Reese in the Civil District Court for the Parish of Orleans because Mr. Odeh attempted to

record a court proceeding on his cell phone despite knowing the Court Rules prohibiting the use of cell phones and cameras.

    e.   Upon information and belief, Mr. Odeh informed Mr. LaHatte that he intended to contact clients of the LaHatte Law Firm to offer to meet with them in private to review legal filings with them and provide legal advice to them. Mr. Odeh is not a licensed attorney.

25. Additionally, Mr. Odeh disputed the agreed upon fee rate to be paid by Mr. LaHatte and began behaving in such a way as to cause harm to Mr. LaHatte and LaHatte Law Firm, such as:

    a.   Upon information and belief, Mr. Odeh informed Mr. LaHatte that if Mr. LaHatte did not pay Defendants more money Mr. Odeh would notify clients of the LaHatte Law Firm and advise them to sue Mr. LaHatte for malpractice and file a bar complaint against Mr. LaHatte.

    b.   Upon information and belief, Mr. Odeh contacted numerous clients of the LaHatte Law Firm and told them that Mr. LaHatte was a bad lawyer who performed poor legal services for those clients.

26. As a result of Mr. Odeh's behavior, LaHatte Law Firm terminated Mr. Odeh and CCC from all involvement in any legal file with LaHatte Law Firm.

27. LaHatte Law Firm has paid Defendants all expert fees owed and vehemently denies any allegation to the contrary.

28. Since Defendants' termination from all LaHatte matters, Mr. Odeh has repeatedly contacted Mr. LaHatte attempting to collect what he alleges LaHatte Law Firm owes Defendants in unpaid expert fees.

29. Since Defendants' termination from all LaHatte matters, Mr. Odeh has contacted former and

current clients of LaHatte Law Firm to spread untrue information about Mr. LaHatte and interfere with Mr. LaHatte's attorney-client relationships. For example, Mr. Odeh has, upon information and belief, contacted clients of the LaHatte Law Firm via text message as recently as February 22, 2018, telling the clients that Mr. LaHatte has committed legal malpractice and advising current clients of the LaHatte Law Firm to terminate their relationship with Mr. LaHatte and sue Mr. LaHatte for malpractice.

30. Upon information and belief, Mr. Odeh has also continued to harass and threaten Mr. LaHatte in an attempt to get more money from Mr. LaHatte. For example, Mr. Odeh incessantly called Mr. LaHatte, causing Mr. LaHatte to block Mr. Odeh's phone number. Mr. Odeh has also filed at least four (4) lawsuits against LaHatte Law Firm seeking approximately $20,000. Additionally, Mr. Odeh has threatened physical harm against Mr. LaHatte on at least one occasion, as well as threatened more lawsuits for alleged unpaid expert fees.

## **FEDERAL CLAIMS**

### COUNT I:
### PLAINTIFFS' RICO CLAIM AGAINST DEFENDANTS

31. The preceding paragraphs are incorporated herein as though fully set forth below.

32. The above described schemes are related in that they were undertaken by Mr. Odeh to increase the profits of CCC through fraudulent actions.

33. Each of the schemes involve racketeering acts—violations of 18 U.S.C. §§ 1341 and 1343— which occurred over a three-year period. They form a "pattern" of racketeering required by 18 U.S.C. § 1961(5) and are ongoing.

34. Mr. Odeh is a RICO person pursuant to § 1961(3). He committed the pattern of racketeering of mail and wire fraud described above.

35. CCC is a limited liability company that conducts business in Louisiana and Florida, and thus

7

is a RICO enterprise pursuant to 18 U.S.C. § 1961(4). Through its sole-owner, Mr. Odeh, CCC

conducts its business across state lines. All of the RICO violations were committed through

CCC, of which Mr. Odeh is the sole owner.

36. Therefore, Mr. Odeh violated 18 U.S.C. § 1962(c), which states, in pertinent part:

> It shall be unlawful for any person employed by or associated with any enterprise
> engaged in, or the activities of which affect, interstate or foreign commerce, to
> conduct or participate, directly or indirectly, in the conduct of such enterprise's
> affairs through a pattern of racketeering activity . . . .

37. As a direct and proximate cause of Mr. Odeh's pattern of racketeering, Plaintiffs have been

injured/harmed in their business and propriety, pursuant to 18 U.S.C. §1964(c), in the

following ways:

   a. Loss of revenue from cases where insurance companies paid less than all of a claim

      submitted by a client of LaHatte Law Firm because of Mr. Odeh's insurance fraud

      scheme;

   b. Loss of business reputation, goodwill, and standing in the community;

   c. Loss of future income.

38. Accordingly, Plaintiffs demand judgment be entered against Mr. Odeh, pursuant to 18 U.S.C.

§1964(c), for Plaintiffs' damages, plus three times their damages, plus attorney's fees and costs

and pre-judgment interest.

39. Plaintiffs demand a jury trial.

<div align="center">

COUNT II:
RICO CONSPIRACY CLAIM AGAINST ODEH 18 U.S.C. §1962(d)

</div>

40. The preceding paragraphs are incorporated as though set forth below.

41. In carrying out the pattern of racketeering, Mr. Odeh conspired with other employees of his

business, CCC, who agreed with the objectives of these schemes and agreed to assist him in

carrying them out.

42. Therefore, Mr. Odeh has conspired to violate 18 U.S.C. §1962(c) by agreeing to the commission of a pattern of racketeering activity through the enterprise (CCC), in violation of 18 U.S.C. §1962(d).

43. Mr. Odeh is jointly and severally liable for all damages to Plaintiffs.

**STATE CLAIMS**

COUNT III:
DEFAMATION

44. The preceding paragraphs are incorporated as though set forth below.

45. Mr. LaHatte and LaHatte Law Firm are private individuals/entities and the subject matter at issue in this lawsuit is a matter of private concern.

46. Mr. Odeh and CCC, through Mr. Odeh, made false statements about Mr. LaHatte and LaHatte Law Firm to current and former clients of Mr. LaHatte and LaHatte Law Firm.

47. Upon information and belief, Mr. Odeh contacted numerous clients of the LaHatte Law Firm and told them that Mr. LaHatte was a bad lawyer who performed poor legal services for those clients.

48. For example, on one occasion Mr. Odeh sent a group text message to both Mr. LaHatte and a current client of LaHatte Law Firm telling the current client that "I don't think Joey did a good job . . . I would talk to another attorney about possible malpractice . . . I would file a bar complaint also."

49. During a meeting between Mr. Odeh, Mr. LaHatte, another Louisiana-licensed attorney, and a then-current client of LaHatte Law Firm, Mr. Odeh stated to the then-current client of LaHatte Law Firm that he should fire Mr. LaHatte and hire the other attorney present at the meeting because Mr. LaHatte "malpracticed [sic] your case" and Mr. LaHatte "takes too many

vacations."

50. Upon information and belief, Mr. Odeh told another Louisiana-licensed attorney that Mr. LaHatte "is a sh*tty attorney" and "he f*cks up files."

51. Mr. Odeh's defamatory actions is further evidenced by the fact that a then-current client of LaHatte Law Firm called Mr. LaHatte stated as follows: "Anthony [Odeh] said you had a lot of cases you had screwed up . . . he [Odeh] said my case isn't the only one you f*cked up, he [Odeh] says you f*cked up thirty other cases . . . Anthony [Odeh] said you are one of those lawyers that goes to work Monday through Thursday from 10:00 a.m. to 2:00 p.m. and wants to party."

52. Mr. Odeh's publication of false statements about Mr. LaHatte and LaHatte Law Firm has caused harm to Mr. LaHatte's and LaHatte Law Firm's professional reputation, standing in the community, and goodwill.

53. Mr. Odeh's statements that Mr. LaHatte is a bad lawyer, committed malpractice, and should be sued for malpractice are words which by their very nature tend to injure one's professional reputation.

54. Accordingly, Mr. Odeh's statements amount to defamation per se.

55. Defendants are therefore liable for all damages caused to Mr. LaHatte and LaHatte Law Firm as a result of the defamation.

## COUNT IV:
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

56. Mr. Odeh's intentional publication of false statements about Mr. LaHatte and LaHatte Law Firm caused Mr. LaHatte considerable emotional distress, mental anguish, and embarrassment both personally and professionally.

57. Mr. Odeh's actions amount to the intentional infliction of emotional distress.

58. Defendants are therefore liable for all damages caused as a result of the intentional infliction of emotional distress.

<div align="center">

COUNT V:
LOUISIANA UNFAIR TRADE PRACTICES ACT
</div>

59. The preceding paragraphs are incorporated as though set forth below.

60. Mr. Odeh's actions towards Plaintiffs as further detailed above constitutes a violation of the Louisiana Unfair Trade Practices Act as Mr. Odeh's actions were deceptive and unfair, which caused Plaintiffs to lose an ascertainable amount of money, including lost revenue, as a result of the damage to Plaintiffs' professional reputation, standing in the community, and goodwill.

61. Defendants are therefore liable to Plaintiffs for actual damages, possibly treble damages, and reasonable attorney's fees.

<div align="center">

COUNT VI:
NEGLIGENCE
</div>

62. The preceding paragraphs are incorporated as though set forth below.

63. In the event that this Court finds that any of the above actions of Mr. Odeh and/or CCC were not committed intentionally, Plaintiffs pleads negligence in the alternative.

64. LaHatte Law Firm retained Mr. Odeh and CCC to provide expert services for property casualty cases.

65. Mr. Odeh/CCC acted negligently in carrying out his duties as an expert for LaHatte Law Firm by submitting inaccurate information and documentation to insurance carriers.

66. Upon information and belief, as a result of Mr. Odeh's actions, insurance companies suspicious of his claim submissions would slow down the claim process, causing clients of the LaHatte law firm to wait for longer periods of time for their claims to be processed, which lead to Mr. LaHatte performing more legal work on behalf of those clients to get their claims processed.

67. Upon information and belief, many of the inaccurate insurance claims submitted by Mr. Odeh for cases of clients of the LaHatte Law Firm were paid but for less than all of the entire claim; meaning that clients of the LaHatte Law Firm received less money for their claims, which in turn caused Mr. LaHatte to receive a lower contingency fee in his cases.

68. Upon information and belief, Mr. Odeh's negligent actions have caused further harm to Mr. LaHatte's professional reputation as many insurance companies and opposing counsel that he frequently interacts with in his property casualty cases associate Mr. Odeh's actions with Mr. LaHatte's legal practice.

d. As a direct and proximate cause of Mr. Odeh's negligent actions, Plaintiffs have suffered a loss of revenue from cases where insurance companies paid less than all of a claim submitted by a client of LaHatte Law Firm because of Mr. Odeh's inaccurate insurance submissions; loss of business reputation, goodwill, and standing in the community; and loss of future income.

## JURY REQUEST

69. For any and all claims subject to the same, a trial by jury is requested.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray that after due proceedings be had, there be judgment in Plaintiffs' favor:

a. Against Mr. Odeh pursuant to 18 U.S.C. § 1964(c) for Plaintiffs' damages plus three times their damages, plus attorney's fees and costs and pre-judgment interest;

b. Against Mr. Odeh and CCC for conspiracy;

c. Against Mr. Odeh and CCC for damages caused by participating in racketeering activity;

d.  Against Mr. Odeh and CCC for damages caused by defamation;

e.  Against Mr. Odeh and CCC for intentional infliction of emotional distress;

f.  Against Mr. Odeh and CCC for damages caused by negligence;

g.  Attorney's fees and court costs;

h.  Legal interest; and

i.  Any other claims that the facts above justify and that may be equitable.

<div style="margin-left:40%">

Respectfully submitted,

*/s/ David P. Vicknair*
David P. Vicknair, #34135
Kassie Lee Richbourg, #37521
Bryce D. Cohen, #37076
**Scott, Vicknair, Hair & Checki, LLC**
909 Poydras Street, Suite 1100
New Orleans, Louisiana 70112
T: (504) 684-5200
F: (504) 613-6351
david@svhclaw.com
richbourg@svhclaw.com
bryce@svhclaw.com

</div>

Dated: March 19, 2018